IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE )<br>OF THE BANKRUPTCY ESTATE OF )<br>CYNTHIA A. BENSON )<br>                                                )<br>    Movant/Appellee,          )<br>                                                )<br>    v.                                       )<br>                                                )<br>CYNTHIA A. BENSON,        )<br>                                                )<br>    Respondent/Appellant.   ) | Civil Action No. 05-290J<br><br>Appeal from Bankruptcy No. 03-34318BM |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

This matter comes before the Court on appeal from the Memorandum Opinion and Order of the United States Bankruptcy Court for the Western District of Pennsylvania dated June 3, 2005. The bankruptcy court held in its Memorandum Opinion and Order that Debtor's Individual Retirement Account was neither excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2), nor exempt under 11 U.S.C. § 522(d)(10)(E). Debtor, Cynthia A. Benson, appealed the decision of the bankruptcy court regarding her Individual Retirement Account arguing that she is entitled to either exclude or exempt her Individual Retirement Account under the relevant Bankruptcy Code sections. (Document No. 2). Trustee, James R. Walsh, responded by arguing that her Individual Retirement Account is not entitled to either exclusion or exemption. (Document No. 3). The Court affirms the bankruptcy court's finding that the Individual Retirement Account in question is not eligible for exclusion under § 541(c)(2), however, the Court finds that the bankruptcy court is incorrect in concluding the Individual Retirement Account is not eligible for exemption under § 522(d)(10)(E) and reverses and remands this

issue for further consideration by the bankruptcy court in accordance with this decision.

## JURISDICTION and STANDARD OF REVIEW

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Court has plenary authority to review the bankruptcy court's legal rulings, but the Court cannot disturb the bankruptcy court's factual findings unless it committed clear error. *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

## BACKGROUND[1]

Debtor, Cynthia A. Benson (hereinafter "Debtor"), filed her Voluntary Petition under Chapter 7 on November 14, 2003. (Document No. 2, p. 3; Document No. 3, p. 3). At the time she filed her Petition, she was employed by Family Eye and Vision Care (hereinafter "Family Eye"). (Document No. 2, p. 3; Document No. 3, p. 3). She remains employed by Family Eye. (Document No. 2, p. 3; Document No. 3, p. 6).

When Debtor began her employment, Family Eye maintained a 401(k) for the benefit of its employees. (Document No. 2, p. 3; Document No. 3, p. 3). On June 26, 2001, Family Eye changed the 401(k) to a Simplified Employee Pension Individual Retirement Account (hereinafter "IRA"). (Document No. 2, p. 3; Document No. 3, p. 4). On November 2, 2001, the funds in Debtor's 401(k) were rolled over into the IRA. (Document No. 2, p. 3; Document No. 3, p. 4).

In Debtor's Petition, she averred on Schedule B that the value of her IRA at the time of filing was $25,506.00. (Document No. 2, p. 3; Document No. 3, p. 6). On Schedule C, she claimed that the aforesaid IRA was not property of the bankruptcy estate (hereinafter "Estate") pursuant to 11 U.S.C.§

---

[1]The facts of the case were stipulated to and are uncontroverted. (Document No. 3, p. 3). The Court includes only the facts relevant to this appeal.

541(c)(2). (Document No. 2, p. 3; Document No. 3, p. 6).

On December 30, 2003, James R. Walsh, Chapter 7 Trustee (hereinafter "Trustee"), filed an Objection to Debtor's Claim of Exclusion and a Motion to Compel the Turnover of the IRA to the Estate. (Document No. 2, p. 3; Document No. 3, p. 7). In response, Debtor amended her Schedule C to exempt $3,350.00 of her IRA pursuant to 11 U.S.C. §522(d)(5). (Document No. 2, p. 3; Document No. 3, p. 7). The exemption of $3,350.00 of Debtor's IRA is not contested in this matter. (Document No. 2, p. 3; Document No. 3, p. 7). Subsequently, Trustee filed a second Objection to Debtor's Claim of Exclusion. (Document No. 2, p. 3; Document No. 3, p. 7-8).

On November 2, 2004, Benson filed a second Amended Schedule C, in which she claimed that the balance of her IRA, $22,156.00, was exempt pursuant to 11 U.S.C. §522(d)(10)(E). (Document No. 2, p. 3; Document No. 3, p. 7). Again, the Trustee filed a timely Objection. (Document No. 2, p. 3; Document No. 3, p. 7). These matters were then submitted to the United States Bankruptcy Court for the Western District of Pennsylvania on a case stated basis. (Document No. 2, p. 3; Document No. 3, p. 3).

The issues were fully briefed before the bankruptcy court. On June 3, 2005 the bankruptcy court issued a Memorandum Opinion and Order holding that the IRA was not excluded under 11 U.S.C. § 541(c)(2) and that the IRA was not exempt under 11 U.S.C. § 522(d)(10)(E). (Record on Appeal - Bankruptcy Document No. 60). The Court agrees with the bankruptcy court's decision that the IRA is not excluded, but the Court disagrees with the bankruptcy court's reasoning that the IRA is not eligible for exemption. The case is reversed and remanded on this issue for analysis by the bankruptcy court of whether the IRA is reasonably necessary for the support of the debtor.

## DISCUSSION

A.   *IS DEBTOR'S IRA EXCLUDED PURSUANT TO 11 U.S.C. § 541 (c)(2)?*

11 U.S.C. § 541(c)(2) (hereinafter "§ 541(c)(2)") provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title[]" and is not an interest of the debtor that becomes property of the estate. An IRA of a debtor in bankruptcy is "completely excluded from the bankruptcy estate" if it meets all of the requirements of § 541(c)(2). *In re Yuhas*, 104 F.3d 612, 614 (3d Cir. 1997). The requirements are:

> "1) the IRA must constitute a 'trust' within the meaning of [] § 514(c)(2); 2) the funds in the IRA must represent the debtor's 'beneficial interest' in that trust; 3) the IRA must be qualified under Section 408 of the Internal Revenue Code; 4) [applicable nonbankruptcy law] must be a 'restriction on the transfer' of the IRA funds; and 5) this restriction must be 'enforceable under nonbankruptcy law.'"

*Id.* For purposes of § 541(c)(2) nonbankruptcy law includes applicable federal law and applicable state law. *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Velis v. Kardanis*, 949 F.2d 78, 80-81 (3d Cir. 1991).

Debtor argues that her IRA is excluded from the bankruptcy estate pursuant to § 541(c)(2). (Document No. 2, pp. 5-15). Trustee argues that the IRA is not excluded from the bankruptcy estate because it does not fall within the scope of § 541(c)(2). (Document No. 3, pp. 13-25).

Trustee concedes that the third requirement is satisfied by Debtor's IRA. (Document No. 3, p. 19; Record on Appeal - Bankruptcy Document No. 60, p. 6). Trustee argues, however, that the first, second, fourth and fifth requirements are not satisfied by Debtor's IRA. (Document No. 3, pp. 13-25; Record on Appeal - Bankruptcy Document No. 60, p. 6). The bankruptcy court held that Debtor's IRA failed to meet the first requirement and, therefore, did not consider whether the second, fourth and fifth

4

requirements were satisfied. (Record on Appeal - Bankruptcy Document No. 60, pp. 6-11).

The Court agrees with the bankruptcy court on this issue, the first requirement is not satisfied by Debtor's IRA, therefore, consideration of the second, fourth and fifth requirements are unnecessary. Since all of the requirements must be met in order to entitle Debtor's IRA to exemption pursuant to § 541(c)(2), failure to satisfy the first requirement means Debtor's IRA is included as property of the Estate. *See In re Yuhas*, 104 F.3d 612, 614 (3d Cir. 1997) (holding all requirements must be met to entitle the property to exclusion from the estate).

Debtor directs the Court to *In re Hipple*, 225 B.R. 808, 813 (Bankr. N.D. Ga. 1996) to support her argument that her IRA is a trust within the meaning of § 541(c)(2), by virtue of § 408(a) of the Internal Revenue Code, and, therefore, satisfies the first requirement. (Document No. 2, p. 5). However, bankruptcy courts in Pennsylvania have disagreed with the holding in *Hipple* and the Court agrees with the Pennsylvania bankruptcy courts that have rejected the holding in *Hipple* and have held that not everything that is treated as a trust under 26 U.S.C. § 408(a) is necessarily a trust under § 541(c)(2). *In re Fulton*, 240 B.R. 854, 864-66 (Bankr. W.D. Pa. 1999); *In re Houck*, 181 B.R. 187, 191 (Bankr. E.D. Pa. 1995).

The Court finds, as the bankruptcy court did, that the written agreement that creates Debtor's IRA shows that it is a custodial account. (American Express Your Guide to Your IRA, pp. 1-2; Individual Retirement Custodial Account Agreement Articles II - VIII). The agreement is captioned "Individual Retirement Custodial Account." (Individual Retirement Custodial Account Agreement). The Individual Retirement Custodial Account Agreement always characterizes the IRA as a custodial

account and never characterizes it as a trust.[2] (Individual Retirement Custodial Account Agreement, Article II, III, IV and VIII).

Pursuant to 26 U.S.C. § 408(a) not every IRA that qualifies as a trust under the section is a genuine trust. In particular, 26 U.S.C. § 408(h) provides:

> "For purposes of this section, a <u>custodial account</u> shall be <u>treated as a trust</u> if the assets of such account are held by a bank...or another person who demonstrates, to the satisfaction of the Secretary, that the manner in which he will administer the account will be consistent with the requirements of this section, and if the <u>custodial account</u> would, except for the fact that it <u>is not a trust</u>, constitute an individual retirement account described in subsection (a). For purposes of this title, in the case of a custodial account <u>treated as a trust</u> by reason of the preceding sentence, the custodian of such account shall be treated as the trustee thereof. (Emphasis added). 26 U.S.C. § 408(h).

The Court finds that based on the language of 26 U.S.C. § 408(h), a custodial account, is not a trust under 26 U.S.C. § 408(a), it is merely treated as a trust for purposes of 26 U.S.C. § 408(a). Therefore, Debtor's IRA, which the Court found is a custodial account, is not a trust under 26 U.S.C. § 408(a), it is merely treated as a trust for purposes of 26 U.S.C. § 408(a). Furthermore, the Court finds nothing in the language of § 541(c)(2) indicating that any instrument that is not a genuine trust qualifies as a trust for purposes of § 541(c)(2) of the Bankruptcy Code. Accordingly, the Court finds that Debtor's IRA is not a trust within the meaning of § 541(c)(2) under 26 U.S.C. § 408(a), applicable federal law.

In the alternative to Debtor's position that her IRA is a trust under 26 U.S.C. § 408(a), applicable

---

[2]Article II provides that the depositor's interest in the <u>custodial account</u> is not forfeitable. Article III states no portion of the <u>custodial account</u> may be invested in life insurance contracts or be commingled with other property. Article IV states that distribution of the depositor's interest in the <u>custodial account</u> will be made in accordance with § 408(a) of the Internal Revenue Code. Article V states that the depositor's interest in the <u>custodial account</u> must be, or begin to be, distributed not later than April 1 following the year the depositor reaches seventy and one-half years of age. Article VIII states that the Custodian has no authority or discretion to manage and control the investment of the<u>custodial account</u>.

federal law, Debtor asserts that under Minnesota law[3] her IRA is a trust that qualifies for exemption pursuant to § 541(c)(2). In order to meet the requirements to qualify as a trust under Minnesota law there must be: 1) a designated trustee with enforceable duties; 2) a designated beneficiary with enforceable rights; and 3) a definite trust res to which the trustee has legal title and the designated beneficiary has the beneficial interest. *Bond v. Commissioner of Revenue*, 691 N.W.2d 831, 837 (Minn. 2005).

This Court agrees with the bankruptcy court and finds that Debtor fails to prove that her IRA qualifies as a trust under Minnesota law. Review of the documentation provided by American Express to Debtor regarding her IRA clearly shows that American Express is a custodian and not a trustee. As discussed above, nowhere is American Express referred to as a trustee and the materials take great care to always refer to American Express as the custodian. (American Express Your Guide to Your IRA, pp. 1-39; Individual Retirement Custodial Account Agreement, Articles II - VIII).

Furthermore, American Express does not have legal title to the trust res. It is clearly indicated in the materials that Debtor is the owner of the trust res in every respect. The materials explicitly state that the owner, Debtor, "has exclusive authority to manage and control the investment of the [IRA]" and that "[t]he Custodian[,American Express,] shall exercise no discretion, authority, or responsibility as to any investment in connection with the Account[.]" (Individual Retirement Custodial Account, Article VIII (5) & (11)). The materials also state that American Express can only invest Debtor's money as she directs. (American Express Your Guide to Your IRA, p. 34). Therefore, the Court finds

---

[3]Debtor argues that Minnesota law applies to the IRA because the situs of the trust is the governing law and the Agreement from American Express says the IRA shall be construed, administered and enforced according to Minnesota law. (Document No. 2, p. 7) (citing *In re Fulton*, 240 B.R. 854, 862 (W.D. Pa. 1999) and American Express Your Guide to Your IRA). The Trustee does not make a contrary argument. (*See* Document No. 3).

that Debtor fails to prove that her IRA qualifies as a trust under Minnesota law because American Express does not have legal title to the trust res.

The Court finds that Debtor's IRA does not qualify as a trust within the meaning of § 541(c)(2) under either 26 U.S.C. § 408(a), applicable federal law, or Minnesota law, applicable state law. Therefore, the Court finds Debtor fails to meet the first requirement of § 541(c)(2). Accordingly, the Court finds that Debtor's IRA is not excluded under § 541(c)(2) and is property of the Estate.

B.   *IS DEBTOR'S IRA EXEMPT UNDER 11 U.S.C. § 522(d)(10)(E)?*

Section 522(d)(10)(E) provides an exemption for the debtor's right to receive:

> "a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor..."

11 U.S.C. § 522(d)(10)(E) (hereinafter "§ 522(d)(10)(E)").

Therefore, in order for an IRA to be exempted under this provision it must meet three requirements:

> "1) the right to receive payment must be from 'a stock bonus, pension, profitsharing, annuity, or similar plan or contract'; 2) the right to receive payment must be 'on account of illness, disability, death, age, or length of service'; and 3) even then, the right to receive payment may be exempted only 'to the extent' that it is 'reasonably necessary to support' the accountholder or [her] dependents."

*Rousey v. Jacoway*, 544 U.S. 320, 326, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005) (quoting § 522(d)(10)(E)).

In *Rousey*, the United States Supreme Court (hereinafter "Supreme Court") addressed the first two requirements and held that IRAs do fulfill these two requirements. *Rousey*, 544 U.S. at 326. The Supreme Court held that the first requirement was met because "[t]he common feature of all of [the listed] plans is that they provide income that substitutes for wages earned as salary or hourly

8

compensation" and IRAs constitute income that substitutes for wages. *Id.* at 331. The Supreme Court reasoned that IRA income is a substitute for wages as demonstrated by several things including: 1) minimum distribution requirements starting at age seventy and one-half when accountholders are likely to be retired and lack wage income; 2) tax deferment until withdraw occurs; 3) tax penalties for withdraw prior to retirement years; and 4) tax penalties for failure to withdraw during retirement years. *Id.* at 331-32. The Supreme Court held that an IRA meets the second requirement because "IRAs provide a right to payment on account of age." *Id.* at 328. The Supreme Court reasoned that the right to payment "is causally connected to [] age" because the 10% penalty for early withdraw, prior to age fifty-nine and one-half, effectively prevents access to the entire balance of the IRA.[4] *Id.* at 327-28.

The bankruptcy court in the case *sub judice* held that the first two requirements were met based on the Supreme Court's decision in *Rousey*, however, it then held, based on the Third Circuit decision in *In re Clark* and the bankruptcy court's "estimation [that *Rousey* did not] undermine or nullify *In re Clark*," that since the Debtor did not have a present right to receive payment under the IRA because she was not yet fifty-nine and one-half that her IRA did not qualify for exemption under § 522(d)(10)(E). (Record on Appeal - Bankruptcy Document No. 60, pp. 11-14).

The Court disagrees with the bankruptcy court's "estimation [that *Rousey* did not] undermine or nullify *In re Clark*." It is the opinion of the Court, as discussed below, that *Rousey* implicitly overruled

---

[4]"See Amromin & Smith, What Explains Early Withdrawals from Retirement Accounts? Evidence from a Panel of Taxpayers, 56 National Tax Journal 595, 602 (Sept. 2003) (Table 1) (3.4 percent of IRA holders took penalized withdrawals in 1996); *In re Cilek*, 115 B.R. 974, 988, n. 15 ([Bankr]. Ct. W.D. Wis. 1990) ("[O]f the $6,457,306,674 deposited in IRAs in the nation's credit unions, only 1.2% was withdrawn early and suffered a tax penalty during 1987, and only 1.27% was withdrawn during 1988"); see also Sabelhaus, Projecting IRA Balances and Withdrawals, 20 Employee Benefit Research Institute Notes 1, 3 (May 1999) (finding that "[t]he pattern in both [1993 and 1996] suggests infrequent withdrawals from IRAs" by those under 59 ½ and noting the consistency of this pattern with the view that the penalty has a big impact on withdrawal behavior")." *Rousey v. Jacoway*, 544 U.S. 320, 329 n.2, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005).

9

the Third Circuit's decision in *In re Clark*

The Third Circuit held in *In re Clark*, 711 F.2d 21 (3d Cir. 1983) that if the debtor does not have a present right to receive payment under the plan in question, the debtor does not have a right to claim an exemption for the plan under § 522(d)(10)(E). *Id.* at 23. The Third Circuit focused on House Report 8200 where it was noted that the "historical purpose [] of the exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life..." *Id.* at 23. Based on this language the Third Circuit affirmed the district court's decision that "because Clark had no present right to receive payments from the plan, his exemption does not fall within the literal terms of section 522(d)(10)(E)." *Id.* at 22. As additional support for its holding the Third Circuit also cited *Matter of Kochell*, 26 B.R. 86 (Bankr. W.D. Wis. 1982) which held, when looking at the issue of whether § 522(d)(10)(E) entirely exempts pension plans or just present payments, that the underlying purpose of the section was to alleviate present rather than long-term need and a 44 year old doctor in apparent good health could not demonstrate such need. *Id.*

Since the *Rousey* decision courts in the Third Circuit have struggled with the question of whether or not the decision overruled *In re Clark*. *In re Wiggins*, 341 B.R. 506, 509-512 (M.D. Pa. 2006) presents a very well reasoned argument that *Rousey* did in fact overrule *In re Clark*.[5] The *In re Wiggins* court held that the *In re Clark* decision is inconsistent with the *Rousey* decision and, therefore, is implicitly overruled. *Id.* at 511-12. The *Wiggins* court reasoned and held as follows:

> We agree with the bankruptcy court that *Clark* is no longer good law in light of *Rousey*. We cannot "lightly abjure" a binding decision of the court of appeals, *Pappas*

---

[5]On the other hand, *Walsh v. Reott*, Civil Action No. 06-240 (W.D. Pa. 2006) holds that since *Rousey* did not address the third requirement or explicitly overrule *In re Clark* that it remains good law and controlling law in the Third Circuit. Therefore, the *Reott* court held that an IRA without a present right to payment, regardless of the age of the debtor, is not exempt under 11 U.S.C. § 522(d)(10)(E). *Id.* at 3. *See also In re Andrezejewski*, 337 B.R. 835 (Bankr. W.D. Pa. 2006) (holding *In re Clark* is still good law).

10

> *v. City of Lebanon*, 331 F. Supp. 2d 311, 319 (M.D. Pa. 2004), but when the decision has been "undermined" by a later decision of the Supreme Court, we are obligated to recognize that the circuit case has been overruled. *Id.* An implicit overruling is sufficient. *Id.* So is an inconsistency in the holdings. *Finch v. Hercules, Inc.* 865 F. Supp. 1104, 1121 (D. Del. 1994).
>
> We cannot see how *Clark* can be applied consistently with *Rousey*. *Clark* focused on the broad purpose of the exemption provisions to provide a "fresh start" for the debtor. In this light, a fund providing payments only in the long term was not necessary for the support of the debtor and hence not exemptible unless the debtor was currently receiving payments (or under *Velis* eligible for payments). On the other hand, *Rousey* focused narrowly on the statutory language itself and explained that the types of plans or contracts exemptible under section 552(d)(10)(E) as "similar" to those specifically mentioned in the section are those that provide income that substitutes for wages. No other limitation is imposed, and no higher purpose of the Bankruptcy Code is invoked. And, of course, the [Supreme] Court specifically detailed just how an IRA does provide income that substitutes for wages and hence is exemptible.
>
> Significantly, the [Supreme] Court noted the ways that the plans or contracts mentioned in section 552(d)(10)(E) differed from each other, but did not include those differences in its analysis of what constitutes a "similar plan or contract" under the section. Some of those differences shed some light here. Pension plans and annuities provide deferred payment, but profitsharing and stock bonus plans do not, and a pension provides retirement income, but none of the other plans necessarily do. 544 U.S. at 330-32, 125 S. Ct. at 1569, 161 L. Ed. 2d at 574. In other words, the factor essential [] to the Third Circuit's rule, whether the plan or contract provides for immediate payments or deferred payments (or deferred payments by way of retirement income), is immaterial to the Supreme Court's approach, which looks only to the elements that the plan or contract at issue have in common with the statutorily enumerated arrangements. Hence, we agree with the bankruptcy judge that *Rousey* implicitly overruled *Clark*, and respectfully disagree with courts that have decided that *Clark* maintains its vitality.

*Id.* at 511-12.

The Court agrees with the reasoning and holding in *In re Wiggins*. Further, the Court finds that to the extent the Third Circuit held in *In re Clark* that an IRA without a present right to receive a payment is per se not entitled to exemption under § 522(d)(10)(E) the *Rousey* decision overruled it by holding that IRAs of debtors who were under fifty-nine and one-half years of age were exempt under § 522(d)(10)(E). The Rouseys did not have a present right to payment without penalty until they were fifty-nine and one-half years old, therefore, at the time of their bankruptcy petition when they could only

11

withdraw from their IRA by incurring the ten percent penalty for early withdraw, they had not reached fifty-nine and one-half years of age and clearly had no present right of payment.[6] Despite the fact the Rouseys were under fifty-nine and one-half years of age at the time they filed their bankruptcy petition, the Supreme Court still held their IRAs were exempt under § 522(d)(10)(E). This inconsistency between *Rousey* and *In re Clark* requires that *In re Clark* be regarded as overruled on this point. *See also In re Booth*, 331 B.R. 233, 236 (Bankr. W.D. 2005) (holding any inconsistency must be resolved in favor of the United States Supreme Court and based on the *Rousey* decision "it matters not when considering whether [] the IRA may be exempted under § 522(d)(10)(E) whether the debtors are receiving, or are presently entitled to receive, payments therefrom[]"); *In re Seaton*, __ B.R. __, 2006 WL 214608 *4 (Bankr. W.D. Pa. August 2, 2006) ("it is now irrelevant to Debtor's exemption...under § 522(d)(10)(E) that Debtor is neither presently receiving nor currently entitled to receive a distribution..."). Therefore, in the case *sub judice* the Court finds that Debtor's IRA meets the first two requirements to be exempt under § 522(d)(10)(E), and whether Debtor has a present right to payment under her IRA is irrelevant to the analysis of whether or not her IRA is exempt under this section.

The Court recognizes that the Supreme Court did not address the third requirement for an IRA to be exempt under § 522(d)(10)(E), that the right to receive payment be exempt only to the extent reasonably necessary for the support of the debtor. Relevant caselaw sets forth factors that are to be used by a bankruptcy court in assessing whether the right to receive payment is reasonably necessary to support the debtor and how much of the right to receive payment is subject to exemption. *In re Booth*, 331 B.R. 233, 236 (Bankr. W.D. 2005). These factors are: 1) debtor's present and anticipated

---

[6]The Rouseys were under the age of fifty-nine and one-half years when they filed for bankruptcy. *See In re Rousey*, 275 B.R. 307, 309, 311 (Bankr. W.D. Ark. 2002) (debtors testified that they had a right to withdraw their IRA funds at any time subject to the ten percent federal tax penalty imposed for withdrawal before reaching age fifty-nine and one-half).

living expenses; 2) debtor's present and anticipated income from all sources; 3) the age of the debtor and her dependents; 4) the health of the debtor and her dependents; 5) debtor's ability to earn a living; 6) debtor's job skills, training and education; 7) debtor's other assets, including exempt assets; 8) the liquidity of other assets; 9) debtor's ability to save for retirement; 10) the special needs of the debtor and her dependents; and 11) debtor's continuing financial obligations, e.g., alimony or support payments. *Id.* at 236-37.

Neither the Debtor nor the Trustee sets forth an argument related to the extent the IRA is reasonably necessary to the Debtor taking into account all of these factors.[7] Furthermore, the record from the bankruptcy court indicates these factors were not considered in connection with the bankruptcy court's Memorandum Opinion and Order on this issue. (Record on Appeal - Bankruptcy Court Document No. 60). Therefore, in light of this holding the bankruptcy court's decision is reversed and remanded for further consideration in accordance with this decision, specifically, whether the IRA is reasonably necessary for the support of the Debtor.

An appropriate order follows.

---

[7] In one paragraph at the end of the Trustee's Brief he argues that the IRA is not reasonably necessary for the Debtor's support. (Document No. 3, p. 30). This paragraph is very general and neither this paragraph, nor the record from the bankruptcy court set forth enough facts for the Court to determine whether and, if so, to what extent, the IRA might be reasonably necessary for the Debtor's support based on the relevant factors.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE OF THE BANKRUPTCY ESTATE OF CYNTHIA A. BENSON,<br><br>    Movant/Appellee,<br><br>v.<br><br>CYNTHIA A. BENSON,<br><br>    Respondent/Appellant. | Civil Action No. 05-290J<br><br>Appeal from Bankruptcy No. 03-34318BM |

### ORDER

**GIBSON, J.**

**AND NOW,** this 18th day of August, 2006, after considering the appeal from the June 3, 2005 Order of the United States Bankruptcy Court for the Western District of Pennsylvania filed by Debtor Cynthia A. Benson (Document No. 2) and the Trustee, James R. Walsh's, Response (Document No. 3) IT IS HEREBY ORDERED that the decision of the bankruptcy court that Debtor's IRA is not excluded from the bankruptcy estate pursuant to § 541(c)(2) is AFFIRMED.

IT IS FURTHER ORDERED that the bankruptcy court's decision that the IRA is not exempt under § 522(d)(10)(E) is REVERSED and REMANDED in accordance with this Memorandum Opinion and Order which holds *In re Clark* was impliedly overruled by *Rousey*, therefore, Debtor's IRA meets the first two requirements for exemption under § 522(d)(10)(E), consideration of whether Debtor has a present right to payment from her IRA is irrelevant to the analysis of whether her IRA is exempt under this section and the only issue remaining regarding whether Debtor's IRA meets the requirements for exemption under § 522(d)(10)(E) is whether the IRA is reasonably necessary for her support, a fact intensive question for the bankruptcy court's determination.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE